# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRP FUND IV, LLC, A DOMESTIC NON-PROFIT CORPORATION,
Appellant,
vs.
U.S. BANK, N.A., AS TRUSTEE FOR SROF-2013-S3 REMIC TRUST 1 A MINNESOTA CORPORATION,
Respondent.

No. 72234

FILED

NOV 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

The district court correctly determined that respondent U.S. Bank's predecessor tendered $534.60 to Nevada Association Services (NAS), which undisputedly represented 9 months of assessments.[1] *See Bank of*

---

[1]Because no maintenance or nuisance abatement costs had been incurred at the time the tender was made, the tender for 9 months of assessments was sufficient to cure the default as to the superpriority portion of the HOA's lien. If the HOA had thereafter incurred such costs, it would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status. *Cf. Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 133 Nev., Adv. Op. 62, 401 P.3d 728, 731-

18-904849

*America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-121.

Appellant contends that NAS's belief that collection costs were part of the superpriority portion of the lien constituted a good-faith basis for rejecting the tender. Even if such a belief would provide a good-faith basis to reject the tender, the record contains no evidence indicating why the tender was rejected. *See Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) (recognizing that "[a]rguments of counsel are not evidence and do not establish the facts of the case" (internal quotation and alteration omitted)). Additionally, although appellant contends that (1) the tender was ineffective because it imposed conditions, (2) U.S. Bank's predecessor needed to record evidence of the tender, and (3) appellant is protected as a bona fide purchaser, we recently rejected similar arguments.[2] *Bank of America*, 134 Nev., Adv. Op.

---

32 (2017) (observing that an HOA must restart the foreclosure process to enforce a second default).

[2]We are not persuaded by appellant's argument that the letter accompanying the first check contained conditions purporting to absolve the deed of trust beneficiary of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably

72, 427 P.3d at 118-121. Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____ J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Nancy L. Allf, District Judge
       The Wright Law Group
       Akerman LLP/Las Vegas
       Eighth District Court Clerk

---

construed as contemplating the underlying foreclosure proceeding and not a future scenario in which the deed of trust beneficiary might again need to cure a default to avoid foreclosure. Nor are we persuaded by appellant's argument that the check's description contained a condition purporting to absolve the homeowner of liability for the remaining unpaid balance.